UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANLU CHEN,<br>        Plaintiff,<br>    v.<br>EZRA STUETZEL,<br>        Defendant. | Case No. 25-cv-04187-NC<br><br>**ORDER TO SHOW CAUSE AS TO NOTICE OF REMOVAL**<br><br>Re: ECF 1 |

Self-represented Defendant Ezra Stuetzel filed a notice of removal for an eviction action initiated in Santa Clara County Superior Court. ECF 1. The notice of removal lacks required information, without which the Court cannot ascertain whether removal to federal court is proper.

First, a defendant removing a civil action from state court to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Stuetzel's notice of removal does not attach the filings from state court, including Plaintiff Hanlu Chen's complaint and any answer filed by Stuetzel.

Second, without the state court filings, the Court cannot determine whether Stuetzel's notice of removal is timely. A defendant must file a notice of removal within 30

1  days of their receipt of the initial complaint through service or service of summons. 28
2  U.S.C. § 1446(b)(1). It is not clear from Stuetzel's notice of removal what day he was
3  served with summons or the complaint in state court.

4      Lastly, the Court cannot confirm whether it has subject matter jurisdiction over this
5  matter without additional information and the state court filings. A civil case may be
6  removed to federal court only if the federal court would have original subject matter
7  jurisdiction over the case. 28 U.S.C. § 1441(a). A federal court can have original subject
8  matter jurisdiction based on either (1) federal question jurisdiction or (2) diversity
9  jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists for "all civil
10 actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.
11 § 1331. Diversity jurisdiction requires that parties are citizens of different states and the
12 amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Stuetzel's notice of
13 removal asserts that the Court has federal question jurisdiction over this matter because the
14 case necessarily involves two federal laws—the Americans with Disabilities Act and the
15 Fair Housing Act. ECF 1 at 2. But it is not clear if Chen's complaint brings claims under
16 these laws, or whether Stuetzel invokes these laws in, for example, an answer or
17 counterclaim to the complaint. The latter are not sufficient to establish federal question
18 jurisdiction: "federal jurisdiction exists only when a federal question is presented on the
19 face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S.
20 386, 392 (1987); *see Valden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal
21 jurisdiction cannot be predicated on an actual or anticipated defense . . . [nor] upon an
22 actual or anticipated counterclaim.").

23     As a result, Stuetzel must file a written statement or revised notice of removal by
24 June 9, 2025, addressing these issues and providing the filings from state court to show
25 that removal of this action is timely, and that the Court has subject matter jurisdiction.
26 Failure to do so may result in remand of this action to state court. Stuetzel should be
27 aware that "[a]n order remanding the case may require payment of just costs and any
28 actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.

United States District Court
Northern District of California

§ 1447(c).

Plaintiff Chen may file a response to Stuetzel's statement or revised notice of removal by June 16, 2025, if they so choose.

**IT IS SO ORDERED.**

Dated: May 19, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3